## John Mason v. William Peter.

*Account—Disallowance by referee—Amendment of notice.*

1. The disallowance of an item of account by a referee was proper where the parties had had a settlement, which from its nature presumably covered, though it did not specifically mention it.

2. Under the Statute of Amendments a notice of defense can be so amended as to make the pleadings conform to the referee's finding in the case; and such an amendment can bring in an item which the referee has disallowed and which would have been wiped out if there had been notice of recoupment.

Error to Bay.   (Green, J.)   Nov. 12.—Nov. 19.

Assumpsit.   Plaintiff brings error.   Affirmed.

*Shepard & Lyon* for appellant.

*Hatch & Cooley* for appellee.

Campbell, J.   Plaintiff sued defendant to recover the amount claimed to be due and unpaid on transactions connected with building and repairing certain salt-well machinery and fixtures.   Two wells were sunk and fitted at different times, and various repairs were made and articles furnished. Some defects were alleged in part of the work and apparatus. The entire controversy before us is narrowed down to one item for repairs to the first well, being the sum of $260 expended in the summer of 1870 for work done at that time.

The case was referred to George P. Cobb, as referee, who reported a series of charges on the one side and payments on the other to the amount of over $8800 on each side, leaving a small balance of overpayment due defendant.   He disallowed the item of $260.   Upon this he found as follows : "That some time in the summer of 1870, and about the month of August, plaintiff again repaired said well, and such repairs were reasonably worth two hundred and sixty (260) dollars, but they were rendered necessary by a defect in the joining together of certain sections of tubing when first

placed in the well by plaintiff, which defect was not discovered until such repairs were in progress."

The original contract price for work concerning the well thus repaired was $3675. The referee found that the well was completed and put in operation in 1868, but defects were subsequently found in putting together some of the tubing, and in the derrick and boiler; that some additional boring was done to the amount of $205, which plaintiff claimed to be extra. He also claimed $200 for furnishing a better engine than the contract required; and he claimed further various items for fitting tubing and for well-poles and their repair and for various other services and expenditures, amounting in the aggregate to $410. These various claims, if allowed, would have entitled plaintiff to not far from $4500.

In 1871 the parties agreed that the plaintiff's compensation "for all the services, work, labor, materials and expenditures hereinbefore mentioned, should be three thousand seven hundred and fifty dollars; that defendant should waive all claim on his part for defects in said boiler, and in the construction of said derrick." The $260 item was not mentioned in this finding.

There was testimony tending to show that the repairs called for in 1870 were made necessary by a failure to screw the tubing together properly, so that the ends moved and became worn, and the water and other substances leaked in so as to make it necessary to do what was done. And it also appeared that the precise nature of this defect was not discovered until the pipes were raised on that occasion.

It may probably be inferred from the finding that this item was not presented, or if presented, was not allowed on the settlement of 1871. The finding does not say distinctly how this was. It is claimed by plaintiff that the referee could not properly find that repairs called for by defendant should be entirely charged to plaintiff because there was some original defect which was allowed to lie for two years and become worse; and that there is no notice of recoupment.

It may be true that cases may arise where repairs which

were rendered necessary by some original defect, are not chargeable absolutely to the contractor. In the present case he was not called upon to repair such damages on his own account when employed. If he had been, he might have declined the work and left the questions of wrong and damage to be determined by action. The fact of any wrongful defect was not learned till the work was largely done. If this stood alone, there might be some doubt on the rights of the parties.

But the referee finds that in 1870 there was a settlement made and a balance struck. From the nature of this settlement it appears that claims of damage and of extra work were set up on either side, and a certain sum beyond the contract price was agreed upon. This work had been done a year before, and came within the same class of charges which were allowed for, and showed defects which were analogous to those which were considered on the other side. It may fairly be presumed that it was one of those items where the services of plaintiff were supposed to be no more than his liability for defects required him to make. Such is the fair purport of the referee's finding. It would, under this finding, have been wiped out, if there had been a notice of recoupment. The settlement of 1871, as found, included several items which were technically rather matters of recoupment than set-off, except upon the theory, which seems to us the natural one, that all these items were treated by the parties as mutual charges for money and services, and not for damages as such. We can see no reason for excepting this item of $260 from the balances struck in the case, or for supposing it was not regarded as settled by the omission to name it in the compromise. And if not so settled, it would come fairly within the statutes of amendments, which would have justified the allowance of an amendment of the notice of defense to make the pleadings conform to the finding. No objection seems to have been made to the testimony on this item, and the finding is, we think, supported by the testimony. But in our opinion, the record needs no amendment.

The judgment must be affirmed.

The other Justices concurred.